[Civ. No. 1687.   Third Appellate District.—July 13, 1918.]

WILLEY WAHL et al., Respondents, v. H. YORI, Appellant.

SALE—OWNERSHIP OF CATTLE—CONFLICT OF EVIDENCE—FINDING—APPEAL.—In an action to recover the price of certain cattle, wherein the defense on the merits was that the cattle were purchased by defendant from the father of plaintiffs, and hence defendant was not indebted to plaintiffs in any sum, the finding of the jury on such issue on conflicting evidence is conclusive an appeal.

ID.—EVIDENCE—CONTRADICTORY STATEMENTS CONCERNING OWNERSHIP.— In such an action, it was permissible to ask the defendant on direct examination to state conversations he had with the father of the plaintiffs concerning the ownership of the cattle for the purpose of showing that the father had made statements contradictory to those to which he had testified.

ID.—OWNERSHIP OF CATTLE—STATEMENTS INADMISSIBLE.—In such an action, statements made by the father not in the presence and hearing of the plaintiffs, or either of them, are not admissible for the purpose of showing title in the father.

APPEAL from a judgment of the Superior Court of Butte County.   H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. Oscar Goldstein, for Appellant.

Guy R. Kennedy, and Jerome D. Peter, for Respondents.

CHIPMAN, P. J.—Plaintiffs commenced the action to recover the sum of $830, which it is alleged defendant agreed to pay for twelve head of cows at the agreed price of $65 per head and two calves at the agreed price of $25 per head, sold and delivered by plaintiffs to defendant, on or about November 13, 1915.   A second count is for the like number of cattle of the reasonable value of $830.

The answer is a specific denial of the averments of the complaint, except that defendant admits nonpayment.

The cause was tried by a jury and plaintiffs had the verdict for the amount claimed and judgment was entered accordingly.   The appeal is from the judgment under the alterna-

tive method and is here on the judgment-roll and the evidence taken at the trial.

The defense on the merits of the case made at the trial was that the cattle in question were purchased by defendant from Albert Wahl, the father of plaintiffs, and hence defendant was not indebted to plaintiffs in any sum. Neither the number nor the value of the animals is controverted.

Plaintiffs were engaged in the business of farming and stock-raising near the city of Chico, Butte County; their father, Albert Wahl, was also engaged in the same business in a different part of the county. Defendant was a tenant of Albert's and had purchased some cattle from him previous to the present transaction. He desired to make further purchase and applied to Albert, who told him his sons, plaintiffs, had cattle for sale. There was testimony that Albert took defendant to plaintiffs' farm, where the latter examined and picked out the animals referred to in the complaint and agreed upon the price to be paid; that the cattle belonged to plaintiffs and that the sale was made and cattle delivered by plaintiffs to defendant. Witnesses for defendant testified that the sale was made by Albert and that plaintiffs took no part in the transaction. Upon the question of ownership of the cattle and as to the person who sold them to defendant the evidence was conflicting. The jury accepted the evidence submitted by plaintiffs as true and so found by their verdict. Under the rule the judgment on the verdict cannot be disturbed by the reviewing court.

The trial court sustained certain objections to evidence offered by defendant, "and," says defendant's brief, "the chief point preserved on this appeal is, that the court committed prejudicial error in the exclusion of evidence offered by defendant."

Albert Wahl had testified to the transaction and that the negotiations were between Henry Wahl, one of the plaintiffs, and the defendant, and that he, Albert, had nothing to do with it and did not own the cattle nor did he sell them to defendant.

Defendant was called as a witness in his own behalf. He was asked to state the conversation he had at that time with Albert Wahl in the presence of Henry Wahl. Objection was made that the question was self-serving and might be in Henry Wahl's presence and not in his hearing. The witness

stated that he did not know whether Henry heard the conversation. Objection sustained. He was then asked if he had any conversation with Albert Wahl in regard to buying the cattle which were delivered to him "by the men of Henry Wahl, or the cattle that came from Henry Wahl's place." Objection that it was irrelevant, incompetent, self-serving, and not in the presence of either of the plaintiffs and not binding on them. "Mr. Goldstein: We allege here we bought no cattle from the plaintiffs and we bought the same cattle from Albert Wahl. The Court: The objection will be sustained. You can show whom you bought the cattle from, if you bought it from a different person." He was then asked what conversation he had with Henry Wahl, and replied that he "didn't have a conversation with Henry Wahl at all; the only conversation was with Albert Wahl. Q. You spoke to Albert Wahl? A. Yes, sir; I spoke to Albert Wahl all the time. Q. When did you have a conversation with Albert Wahl? A. One time I come to Chico, he said it would be a good thing to pay something for the cattle; he said I was making good money and he said I should pay something for the cattle that I bought last time in Dayton," referring to the purchase in question. Objection was made as self-serving and not in the presence of plaintiffs. Sustained and the last answer stricken out. The record shows that defendant consented to the ruling in this instance.

Defendant seems to treat Albert Wahl as the agent of plaintiffs and hence his declarations would bind them. There was no evidence tending to show that Albert was acting as plaintiffs' agent. In fact, defendant's contention is that Albert was the principal—that he owned the cattle and sold them to defendant. The cattle were on plaintiffs' premises and bore their brand. It did not appear that any declarations made by Albert or any of the conversations sought to be brought out were in the hearing of plaintiffs.

In his cross-examination Albert Wahl had said something about a conversation he had with defendant—nothing definite or specific, nothing resembling a proper foundation for impeachment. The purpose of defendant's counsel in asking defendant, as a witness, to state the conversations he had with Albert was doubtless to show that he made statements to defendant contradictory to those to which he had testified. This is permissible sometimes without laying the foundation

for impeachment. (*Doudell* v. *Shoo*, 20 Cal. App. 424, 449, [129 Pac. 478].) We incline to think for that purpose alone the questions were permissible. But defendant did not ask them at the trial nor does he now urge that they should have been allowed on that ground. His contention is that they should have been permitted to show title in Albert and not in plaintiffs. For that purpose declarations made by Albert not in the presence and hearing of plaintiffs, or either of them, would no more be admissible than the declarations of a stranger. As already suggested, Albert's statements could not bind plaintiffs on the theory of agency, for there was no agency established. Nor were they admissible on the ground of estoppel, for upon no principle would plaintiffs be bound or estopped by conversations between Albert and defendant, of which they were ignorant or to which they did not consent and did nothing and said nothing to lead defendant to believe that they had knowledge thereof or consented thereto. But if error be conceded, there were other witnesses besides Albert Wahl who testified to plaintiffs' ownership of the cattle and that the sale, as well as the delivery, was made by them, upon whose testimony the verdict of the jury may rest. Besides, defendant and other witnesses in his behalf were permitted to testify, and did testify, fully as to the transaction and what took place at the time of the sale. This testimony was to the effect that the barter was entirely between Albert Wahl and defendant and that Henry Wahl had nothing to do with it. Unfortunately for defendant, the jury did not accept this testimony as satisfactory or convincing.

Henry Wahl, witness for plaintiffs, was cross-examined as to a conversation he had with defendant in January, 1916, after this sale of the cattle. He testified that he asked defendant for some money. His attention was then called to meeting defendant in Chico on June 24, 1916, and was asked if he did not then ask defendant "for money to be paid on these cattle. A. He gave me two hundred dollars or a two hundred dollar check to Albert Wahl, and not to me." He testified that he had asked his father for money and was told "that probably Mr. Yori could dig up some"; that he asked defendant for money he had agreed to give his father; that they went into the Butte County National Bank and witness wrote the check and defendant signed it—"Pay to Albert Wahl or bearer"; that he asked for the money for Albert

Wahl; that he did not ask him for money for himself and did not tell him he wanted the money for the cattle he had sold defendant; that defendant told witness to make the check payable to Albert Wahl; that he did not know why it was made payable to Albert unless it was "his indebtedness to Albert Wahl." Further answering: "The only reason was that I would pay the money to my father, and if I could borrow it from my father, I went to him to collect it for him, to borrow it"; that no money was deposited in the bank for plaintiffs' stock.

It appeared from witness' testimony on redirect that defendant was indebted to witness' father and that he wrote the check at defendant's request and as directed by him and delivered the check to Albert Wahl.

In his testimony defendant testified fully to what occurred at this meeting in January, 1916, when this check was given, and that it was made payable to Albert because he owed him and not Henry for the cattle. At this point a check for $250 was shown defendant and he was asked what he did with it. He answered that it was deposited in bank to the account of Albert Wahl. Defendant then sought to show that it was deposited in part payment for the cattle sold by plaintiffs. Objection was sustained. It is not claimed that plaintiffs got this money or knew anything about the deposit. Albert Wahl knew that the deposit was made and testified that it was on account of defendant's indebtedness to him for rent. The evidence might have had some tendency to contradict Albert's testimony, but it was not offered for that purpose. The object was to show by defendant's act that he purchased the cattle from Albert. In the absence of any knowledge by plaintiffs of the payment or its purpose, we cannot see that they would be bound by defendant's motive in making the payment.

We are unable to discover any prejudicial error in the rulings upon these two checks.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.